Antonio R. Matos, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 760. Submitted April 25, 1929.—Decided July 23, 1929.

*Nazario & García Méndez* for the appellant.

Mr. Justice Hutchison delivered the opinion of the court.

The notarial instrument before us recites that the lessors named therein are the owners of four hundred and fourteen *cuerdas* of land bounded on the north by lands formerly belonging to P. Vivoni & Company, now owned by the heirs of Pedro S. Vivoni; on the east by other land belonging to the same succession and by lands belonging to Fidel Irizarry, Vidal Rosado, Ruperto Avilés and Braulio Ayala; on the south by the sea; and on the west by lands now belonging to Ulises López Díaz. This is followed by the statement that according to a survey made by H. Bardury with notice to all of the adjoining property owners, this tract contains four hundred thirty-five and fifty hundredths *cuerdas*.

The lease was recorded as to the original area, but record thereof was refused as to the excess of twenty-one and fifty hundredths *cuerdas* for the want of a satisfactory showing that the difference in area was within the boundaries indicated by the description of the land.

The instant case is distinguishable from *Burgos* v. *Registrar of Caguas,* 36 P.R.R. 578, where radical changes in the boundaries were disclosed by the deed. Here the alteration of boundary lines is not an established fact but a mere possibility. The difference in area may or may not prove to be within the limits indicated in the description of

the land. The defect is at most a curable defect. That it is a curable defect seems to be conceded by the *ratio decidendi* of the opinion in *Delgado* v. *Registrar,* 29 P.R.R. 807, although the point is not there decided nor discussed. The same conclusion is sustained by the reasoning of the opinion delivered by Mr. Chief Justice Del Toro in the *Burgos Case* as well as by the dissenting opinion in *Figueroa* v. *Registrar,* 22 P.R.R. 612, although there was likewise no question as to the existence of a curable defect in either of those cases.

The ruling appealed from will be reversed with instructions to record the lease as to the full area subject to a curable defect in that the document contains no satisfactory showing that the excess of twenty-one and fifty hundredths *cuerdas* is within the boundaries specified in the description of the property.